UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>JOHN JOHNSON,<br><br>                    Defendant. | No. 11-cr-487 (RJS)<br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

On June 6, 2020, Defendant John Johnson filed a *pro se* application with the United States Court of Appeals for the Second Circuit, seeking leave to file a second or successive petition for writ of habeas corpus under 28 U.S.C. § 2255(h) in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). (Doc. No. 1, Dkt. 20-1795.) In particular, Johnson's proposed habeas petition presents the question of whether a conviction under 18 U.S.C. § 924(j) remains valid where, as here, it is predicated on convictions for both (1) conspiracy to commit Hobbs Act robbery and (2) attempted Hobbs Act robbery. This issue is also presented in habeas petitions pending before the Court filed by Johnson's co-defendants, Ronnie Gonzales and Gregory Reed. (Doc. Nos. 154, 157, Dkt. 11-cr-487.) On August 26, 2020, the Second Circuit granted Johnson's request, finding that he "has made a prima facie showing that the proposed § 2255 motion satisfies the requirements of § 2255(h)," and transferred the matter to this Court. (Doc. No. 166 at 1.)

A petitioner has no constitutional right to counsel in § 2255 proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But a court may appoint counsel for an indigent habeas petitioner under 18 U.S.C. § 3006A(a)(2) of the criminal Justice Act ("CJA") when "the interests

of justice so require." "In deciding whether to exercise its discretion to appoint counsel under the CJA, courts in this circuit consider the same factors as those applicable to requests for *pro bono* counsel made by civil litigants" under 28 U.S.C. § 1915(e). *Jerez v. Bell*, No. 19-cv-2385 (CM), 2019 WL 1466899, at *4 (S.D.N.Y. Apr. 2, 2019). Those factors include, among others, the merits of the claim, the complexity of the legal issues, and the movant's ability to investigate and present the case. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986).

Having considered these factors, and in light of the fact that the Court has already appointed counsel to assist Johnson's co-defendant who raises effectively the same arguments (Doc. No. 150), the Court determines that the appointment of CJA counsel is warranted for the limited purpose of assisting Johnson in filing a petition for writ of habeas corpus in light of *Barrett* and *Davis*.[1] Accordingly, pursuant to 18 U.S.C. § 3006A(a)(2)(B), the CJA Clerk is respectfully directed to appoint counsel for Johnson consistent with this order. Once counsel is appointed, he or she shall file a notice of appearance, after which the Court shall set a date by which Johnson's counseled habeas submission shall be due. The Clerk of Court is respectfully directed to mail a copy of this order to Johnson.

SO ORDERED.

Dated: August 31, 2020
New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[1] In so doing, the Court expresses no views at this time on the merits of Johnson's petition.