UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v-

JOHN JOHNSON,

                  Defendant.

JOHN JOHNSON,

                  Petitioner,

    -v-

UNITED STATES OF AMERICA,

                  Respondent.

No. 11-cr-487-2 (RJS)

No. 15-cv-3956 (RJS)

MEMORANDUM
& ORDER

RICHARD J. SULLIVAN, Circuit Judge:

        John Johnson brings this petition pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence, which he asserts are invalid in light of the Supreme Court's decisions in *United States v. Davis*, 588 U.S. 445 (2019), and *United States v. Taylor*, 596 U.S. 845 (2022). (*See* Doc. No. 187.)[1] For the reasons set forth below, the petition is DENIED.

I.    Background

        On December 1, 2007, Johnson took part in the armed robbery of a group of drug dealers operating in the Bronx.[2] Earlier that day, Johnson was recruited to assist his co-defendants, Ronnie

---

[1] All docket citations refer to Johnson's criminal case, *United States v. Johnson*, No. 11-cr-487-2.

[2] The following facts are taken from the trial transcript ("Tr."), with all inferences drawn in favor of the government. *See Wheel v. Robinson*, 34 F.3d 60, 66 (2d Cir. 1994); *United States v. Gomez*, 644 F. Supp. 2d 362, 366 (S.D.N.Y. 2009) (Chin, *J.*). In ruling on this petition, the Court has also considered Johnson's memorandum of law in support of his petition (Doc. No. 187), the government's answer (Doc. No. 202), Johnson's reply (Doc. No. 213), and Johnson's supplemental letter (Doc. No. 227).

Gonzalez and Gregory Reed, who in turn had been hired by a drug dealer named Donnell Richardson. (*See* Tr. at 521–24, 529–30, 602–04, 1535.) During this robbery, Johnson shot one of the robbery victims in the chest, killing him. (*See id*. at 545–48.)

On June 6, 2011, a grand jury returned an indictment charging Johnson, Gonzalez, and Reed with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count One"); attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951, 2 ("Count Two"); and using a firearm during and in relation to a crime of violence that resulted in the death of a person, in violation of 18 U.S.C. §§ 924(j) and 2 ("Count Three"). (*See* Doc. No. 5.) The trial of Johnson and his co-defendants commenced in June 2012, and on June 26, 2012, the jury returned guilty verdicts on all counts against all defendants. After denying Johnson's post-trial motions (*see* Doc. No. 72), the Court sentenced him to twenty years' imprisonment for each of Counts One and Two, and forty years' imprisonment on Count Three, all to run concurrently (*see* Doc. No. 78 at 2). The Second Circuit subsequently affirmed Johnson's conviction and sentence. *See United States v. Reed*, 570 F. App'x 104 (2d Cir. 2014). Thereafter, Johnson filed an initial habeas petition (*see* Doc. No. 95), which the Court denied on September 26, 2018 (*see* Doc. No. 134). Johnson did not appeal that denial.

On July 13, 2020, Johnson, proceeding *pro se*, moved before the Second Circuit for leave to file a successive habeas petition pursuant to 28 U.S.C. § 2255. (*See* Doc. No. 166-1.) On August 26, 2020, the Second Circuit granted Johnson's motion (*see* Doc. No. 166), and on September 2, 2020, the Court appointed counsel to represent Johnson (*see* Doc. No. 167). Then, on September 20, 2022, Johnson filed this successive habeas petition, arguing that his conviction for Count Three must be vacated in light of the Supreme Court's decisions in *Davis*, 588 U.S. 445, and *Taylor*, 596 U.S. 845, which held that the predicate crimes of conspiracy to commit Hobbs

Act robbery and attempted Hobbs Act robbery are not crimes of violence. (*See* Doc. No. 186 at 4.) On October 19, 2022, at the request of both parties, the Court stayed Johnson's petition pending the Second Circuit's decision in *Savoca v. United States*, No. 20-1502, 2022 WL 17256392 (2d Cir. Nov. 29, 2022). (*See* Doc. No. 190 at 1.) On December 1, 2022, the parties jointly requested that the Court lift the stay (*see* Doc. No. 198), which the Court granted on December 6, 2022 (*see* Doc. No. 199). Johnson's petition was fully briefed on February 24, 2023.

## II.    Legal Standards

A prisoner in federal custody may move to vacate, set aside, or correct his sentence under section 2255(a) if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995). Nevertheless, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "places stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus." *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998). Specifically, a prisoner seeking to file a successive habeas petition "must clear two hurdles." *Savoca v. United States*, 21 F.4th 225, 230 (2d Cir. 2021), *vacated in part on other grounds*, 2022 WL 17256392. *First*, the successive habeas petition "must be certified" by the Court of Appeals, 28 U.S.C. § 2255(h), which requires the prisoner to "make[] a *prima facie* showing," *id.* § 2244(b)(3)(C), that his claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," *id.* § 2244(b)(2)(A); *see also Gallagher v. United States*, 711 F.3d 315, 315 (2d Cir. 2013) (applying section 2244(b) to a successive section 2255 petition).[3] In other words, a prisoner may

---

[3] A prisoner may also file a successive habeas petition if he "presents facts that 'could not have been discovered previously' and tend to show actual innocence," *Torres v. Senkowski*, 316 F.3d 147, 150 (2d Cir. 2003) (quoting 28

3

not rely on a Supreme Court decision that simply interprets a statute rather than the Constitution. *See, e.g.*, *Mata v. United States*, 969 F.3d 91, 93–94 (2d Cir. 2020).

*Second*, even where, as here, the prisoner has received permission to file a successive habeas petition, the determination of the Court of Appeals that the prisoner has met AEDPA's threshold requirements is "preliminary," *Savoca*, 21 F.4th at 230, and is "not a finding that [the prisoner] actually satisfied those requirements," *Massey v. United States*, 895 F.3d 248, 251 (2d Cir. 2018). As a result, the district court "must . . . independently consider if the [successive habeas petition] in fact relies on a new rule of constitutional law." *Savoca*, 21 F.4th at 230 (internal quotation marks omitted).

## III.    Discussion

Johnson's petition turns on the argument that his conviction on Count Three must be vacated because conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery are not valid predicate crimes of violence under 18 U.S.C. § 924(j) and (c). Section 924(j) makes it a crime to "cause[] the death of a person through the use of a firearm" "in the course of a violation of subsection (c)," 18 U.S.C. § 924(j), and section 924(c), in turn, prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime," *id.* § 924(c)(1)(A). Section 924(c) then provides two alternative definitions of what constitutes a crime of violence. The Elements Clause states that a "crime of violence" is an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). Alternatively, the Residual Clause defines a crime of violence as an offense "that by its nature, involves a substantial risk that physical force against the

---

U.S.C. § 2244(b)(2)), but this provision is not at issue here because Johnson does not assert a claim of actual innocence.

person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

In *United States v. Davis*, the Supreme Court held that the Residual Clause was unconstitutionally vague. *See* 588 U.S. at 470. Following *Davis*, the Second Circuit held that conspiracy to commit Hobbs Act robbery did not constitute a crime of violence under the Elements Clause. *See United States v. Barrett*, 937 F.3d 126, 129–30 (2d Cir. 2019). And then, in *United States v. Taylor*, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a predicate crime of violence for section 924(j). *See* 596 U.S. at 851. Although the Supreme Court did not indicate whether its holding in *Taylor* constituted "a new rule of constitutional law," 28 U.S.C. § 2244(b)(2)(A), Second Circuit precedent makes clear that it is not and thus cannot form the basis for Johnson's successive habeas petition, *see Savoca*, 2022 WL 17256392, at *2; *see also Fernandez v. United States*, 114 F.4th 1170, 1178 (11th Cir. 2024).

Unlike *Taylor*, the Supreme Court's decision in *Davis did* announce a new rule of constitutional law. But that is not enough for Johnson to prevail on his successive habeas petition; rather, a claim "relies on a new rule of constitutional law only if [the prisoner] was sentenced in violation of that new constitutional rule." *Massey*, 895 F.3d at 252. Accordingly, as the Second Circuit explained in *Savoca*, the Court must conduct a factual inquiry to determine which clause – Residual or Elements – was relied on by the jury in convicting Johnson. *See Savoca*, 2022 WL 17256392, at *2–3.

Here, the trial record clearly demonstrates that Johnson's conviction for attempted Hobbs Act robbery – which was alleged to be one of the predicates for Johnson's section 924(j) conviction – constituted a crime of violence pursuant to the Elements Clause. Specifically, the jury

instructions for attempted Hobbs Act robbery made clear that the government had to prove the following elements beyond a reasonable doubt:

> First, that the defendant[] attempted to obtain or take the property of another;
>
> *Second, that the defendant[] did so against the victim's will by actual or threatened force, violence, or fear of injury, whether immediate or in the future;*
>
> Third, that the defendant['s] actions actually or potentially in any way or degree obstructed, delayed, or affected interstate commerce; and
>
> Fourth, that the defendant[] acted unlawfully and knowingly.

(Tr. at 1938 (emphasis added).) Indeed, the Court emphasized that the jury had to find that the defendant's crime involved "the use or threatened use of force, violence, or fear, any of those three." (*Id.* at 1940–41.) This was consistent with the colloquy at the charge conference, when the Court advised the parties that "the actual use of force and threatened use of force are clearly what are present here." (*Id.* at 1637–38.)

Moreover, while the Court's extensive discussion of force as an element required for attempted Hobbs Act robbery tracked the Elements Clause's definition of a crime of violence, *see* 18 U.S.C. § 924(c)(3)(A), the Court never provided parallel instructions for the Residual Clause – for example, by implying that attempted Hobbs Act robbery could be considered a crime of violence simply because of "its nature" or because it involved "a substantial risk" of physical force against the person or property involved, *id.* § 924(c)(3)(B). For these reasons, the record is unmistakably clear that the actual or threatened use of physical force was a required element for attempted Hobbs Act robbery, one of the predicates for Johnson's section 924(j) offense.

Johnson nevertheless argues that because "the jury was not directed to make a determination as to which of [his] convictions, for Hobbs Act robbery conspiracy or [a]ttempted Hobbs Act robbery, were the predicate crimes of violence for his [section] 924(j) offense," there is no way of knowing which predicate the jury ultimately relied on. (Doc. No. 213 at 4.) In other

6

words, Johnson contends that because Hobbs Act conspiracy was a crime of violence pursuant to the Residual Clause, *see Barrett*, 937 F.3d at 129–30, which the Supreme Court found to be unconstitutionally vague, *see Davis*, 588 U.S. at 470, it is possible his section 924(j) conviction runs afoul of a new rule of constitutional law.

To be sure, the Second Circuit has not yet explained the petitioner's burden of proof when the jury did not expressly indicate whether the Elements or Residual Clause formed the basis for his section 924(j) conviction. *See Savoca*, 2022 WL 17256392, at *3 n.1. But the overwhelming majority of Circuits have held that the petitioner "must show that it is more likely than not" that his conviction was based "only on the [R]esidual [C]lause." *Williams v. United States*, 927 F.3d 427, 439 (6th Cir. 2019) (internal quotation marks omitted); *see also Dimott v. United States*, 881 F.3d 232, 241–42 (1st Cir. 2018); *United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019); *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018); *United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018); *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).[4] This approach comports with both the plain text of AEDPA, which requires that "*the applicant* show[] that the claim relies on a new rule of constitutional law," 28 U.S.C. § 2244(b)(2)(A) (emphasis added), and the strong interest in finality of criminal sentences recognized by the Supreme Court and the Second Circuit, *see Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993); *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018).

Here, Johnson identifies nothing in the summations, jury instructions, or elsewhere in the trial record to suggest it was more likely than not that his conviction was based *only* on the conspiracy predicate and thus on the Residual Clause. Rather, the trial record makes plain that the

---

[4] *But see United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) (holding that a defendant need only show that his conviction "may have been predicated on application of the now-void [R]esidual [C]lause"); *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017) (same).

7

jury was repeatedly informed they could convict Johnson of Count Three based on the attempt predicate, which, as discussed above, was clearly a crime of violence pursuant to the Elements Clause. (*See* Tr. at 1938–40, 1950.) Indeed, in summations, the government explicitly tied its theory of Count Three to the attempt predicate. (*See id.* at 1750 (arguing that the jury should convict Johnson of Count Three because he "carried [a] gun[] with [him] into 1275 Lafayette with the intention of committing the robbery").) As a result, Johnson has failed to establish that his petition relies on a new rule of constitutional law, and his petition must be dismissed.

## IV.   Conclusion

For the foregoing reasons, Johnson's successive habeas petition is DENIED. Because Johnson has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *see also Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). Furthermore, because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore Johnson may not proceed *in forma pauperis*, *see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to terminate the motions pending at Doc. No. 186 in Case No. 11-cr-487 and Doc. No. 23 in Case No. 15-cv-3956 and to mail a copy of this Order to Johnson.

SO ORDERED.

Dated:   July 11, 2025
         New York, New York

RICHARD J. SULLIVAN
United States Circuit Judge
Sitting by Designation